IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SAMINDER S. MONGA and BINA K. MONGA a/k/a MINA K. MONGA, | ) ) ) ) | |
| Plaintiffs, | ) ) | 13 C 3606 |
| v. | ) ) | Judge Virginia M. Kendall |
| QUICKEN LOANS, INC. and ALL OTHER CLAIMANTS, known or unknown, | ) ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Defendant Quicken Loans, Inc. moves to dismiss Plaintiffs Saminder and Bina Monga's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6). The Second Amended Complaint contains four claims that stem from a residential home loan transaction between the Plaintiffs and Quicken. Quicken moves to dismiss the Plaintiffs' claim to quiet title because it does not hold and has never held the mortgage issued in connection with the loan transaction. Quicken moves to dismiss the Plaintiffs' claim for tortious interference with prospective economic advantage because the Plaintiffs have not pled specific facts to support their claim. Quicken moves to dismiss the Plaintiffs' claim under the Illinois Consumer Fraud and Deceptive Business Practices Act because the Plaintiffs' have not pled fraud with particularity and because the statute does not reach contract disputes between two private parties. Quicken also argues that it is not the real party in interest because it has never been the mortgagee of record. For the reasons stated herein, this Court grants Quicken's motion.

**FACTS**

This Court takes the following well-pleaded allegations from the Second Amended Complaint and treats them as true for purposes of this motion. In addition, this Court takes judicial notice of public documents attached to or referenced in the Second Amended Complaint as indicated.

On April 29, 2006, Quicken loaned the Plaintiffs $136,750 in connection with a home located at 28 W 528 Donald Avenue in West Chicago, Illinois. (Dkt. No. 38 at ¶¶ 9,13.) Quicken prepared a Mortgage signed by the Plaintiffs and recorded by the DuPage County Recorder on May 12, 2006. (Dkt. No. 38-2 at 1.) The Mortgage identified the Plaintiffs as the "Borrower," Mortgage Electronic Registration Systems, Inc. ("MERS") as the "Mortgagee," Quicken as the "Lender," and the Donald Avenue home as the "Property." (*Id.* at 1-2.) The Mortgage includes a provision that grants and conveys "to MERS (solely as nominee for Lender and Lender's successors and assigns)" the Property. (*Id.* at 3.) The Mortgage states that MERS holds legal title to the interests granted by the Borrower and can take actions with respect to the Mortgage. (*Id.*) Less than a month after DuPage County recorded the Mortgage, Quicken transferred its beneficial rights to the home loan to Fannie Mae and its servicing rights to CitiMortgage, Inc. (Dkt. No. 38 at ¶ 19.)

Prior to the Mortgage related to the loan from Quicken, Ditech and Downey Savings & Loan, F.A. held mortgages on the Donald Avenue home. (*Id.* at ¶ 12.) Although the Plaintiffs claim that "Quicken did not obtain proper title or authorization to record against the Home in advance from either the predecessor loan company or bank" (*id.* at ¶ 17) and "Quicken did not obtain a good, valid assignment of a mortgage from either the predecessor loan company or the now-former bank" (*id.* at ¶ 18), the Mortgage states "BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant

2

and convey the Property and that the property is unencumbered, except for encumbrances of record." (Dkt. No. 38-2 at 3.)

In 2013, the Plaintiffs sought to refinance the Donald Avenue home. (Dkt. No. 38 at ¶21.) Prospective lenders told the Plaintiffs that records identified Quicken as the owner of the Donald Avenue home. (*Id.* at ¶ 22.) The Plaintiffs have asked Quicken to clarify title issues with prospective lenders but Quicken has not done so. (*Id.* at ¶ 23.)

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the well-plead allegations in the complaint and construes all reasonable inferences in favor of the nonmoving party. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 619 (7th Cir. 2007). To state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted). In analyzing whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Id.* at 678. When the factual allegations are well-pleaded, the Court assumes their veracity and then determines if they plausibly give rise to an entitlement to relief. *See Id*. at 679. A claim has facial plausibility when the factual content plead in the complaint allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 678.

Claims alleging fraud must satisfy the heightened pleading requirement of Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies both to

common law fraud claims and to claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441 (7th Cir. 2011). The heightened pleading requirement of Rule 9(b) mandates that a complaint alleging fraud contain more substance to survive a motion to dismiss than a complaint based on another cause of action governed only by the minimal pleading standards of Rule 8. *See Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999) (Rule 9(b) forces "the plaintiff to do more than the usual investigation before filing his complaint"); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir.1994) (the rule serves three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim of fraud to the defendants).

## DISCUSSION

### A.   Quiet Title and Declaratory Judgment

"An action to quiet title in property is an equitable proceeding in which a party seeks to remove a cloud on his title to the property." *Gambino v. Boulevard Mortgage Corp.*, 922 N.E.2d 380, 410 (Ill. App. Ct. 2009). A cloud on a title exists when there is some semblance of legal or equitable title that is, in fact, unfounded yet casts doubt on the validity of the record title. *Id.*; *see also Illinois District of American Turners, Inc. v. Rieger*, 770 N.E.2d 232, 239 (Ill. App. Ct. 2002). Although "[a] valid interest in property cannot be a cloud on title," *Rieger*, 770 N.E.2d at 239, documents that appear valid on their face may create clouds on title. *Gambino*, 922 N.E.2d at 410.

Here, the Plaintiffs claim to have valid title to the Donald Avenue home. (Dkt. No. 38 at ¶ 9.) The Plaintiffs further claim that the Mortgage recorded against the Donald Avenue home by Quicken clouds their title and should be removed because Quicken fraudulently recorded that

title. (*Id.* at ¶¶ 15-18, 40-42.) But the Plaintiffs concede that Quicken used MERS to record the Mortgage (*id.* at ¶ 16) and transferred its interests to others shortly after the parties entered the Mortgage (*id.* at ¶ 19). And the Plaintiffs recognize and do not dispute that Quicken does not assert an interest in the Donald Avenue home (Dkt. No. 38 at ¶ 32; *see also* Dkt. No. 53.)

This precludes the Plaintiffs claim to quiet title. "[A] quiet title action does not lie where the defendant has not made an adverse claim to an interest in the plaintiff's property." *Rieger*, 770 N.E.2d at 239. The Plaintiffs have not alleged that Quicken has made an adverse claim against the Donald Avenue home. Although the Plaintiffs claim that Quicken made a claim against the Donald Avenue home when the Mortgage was recorded in 2006 (Dkt. No. 38 at ¶ 55), any such claim by Quicken ceased to exist when Quicken transferred its rights to the Donald Avenue home (*id.* at ¶ 19). Consequently, the Plaintiffs' own allegations and their recognition that Quicken no longer makes any claim to the Donald Avenue home nullify the Plaintiffs' allegation to the contrary and defeats any claim to quiet title.

Even if the Plaintiffs were to properly allege that Quicken had a current adverse claim against the Donald Avenue home, their claim would still fail. "A valid interest in property cannot be a cloud on title." *Rieger*, 770 N.E.2d at 239. Here, the Plaintiffs allege that they took a loan from Quicken and used the Donald Avenue home as security for that loan. Although that Mortgage does not identify Quicken as the Mortgagee (Dkt. No. 38-2 at 1), it does recognize that the Mortgage secures Quicken's loan to the Plaintiffs (*id.* at 3). The Mortgage also includes a covenant from the Plaintiffs that they had the right to mortgage the Donald Avenue home. This covenant, which operates against the Plaintiffs' claims that Quicken failed to secure title from previous lenders and also against the Plaintiffs generally in an equitable proceeding, combined with the Plaintiffs admission that they received a loan for the Donald Avenue home from

5

Quicken, show that Quicken had a valid interest in the Donald Avenue home before it transferred those interests to others. This valid interest, to the extent it may have survived transfer, would preclude the Plaintiffs' claim to quiet title.

For these reasons, this Court grants Quicken's motion to dismiss the Plaintiffs' quiet title and declaratory judgment claims.

### B. Tortious Interference

The Plaintiffs' tortious interference claim fails because the Plaintiffs have not alleged that Quicken interfered with their expectation intentionally and without justification. The elements of a tortious interference with prospective economic advantage claim in Illinois are: (1) a reasonable expectancy of entering a valid business relationship; (2) that the defendant knew of that expectancy; (3) an intentional and unjustified interference with that expectancy; and (4) damages as a result of the defendant's interference. *Adelman-Reyes v. Saint Xavier University*, 500 F.3d 662, 667 (7th Cir. 2007). Here, the Plaintiffs allege that Quicken intentionally and unjustifiably interfered with the Plaintiffs' ability to sell or refinance their home. But the Plaintiffs cite no authority that would have required Quicken to obtain proper title from previous lenders. Nor do the Plaintiffs cite any authority that prohibits Quicken's naming of MERS as the Mortgagee, using MERS to transfer rights with respect to the underlying loan, or requiring Quicken to record the Mortgage. There is no obligation to record a mortgage in Illinois. *Union Cty., Ill. v. MERSCORP, Inc.*, 735 F.3d 730, 733 (7th Cir. 2013).

As it stands, the Plaintiffs gave Quicken a security interest in the Donald Avenue home in exchange for a loan. Quicken recorded that interest through the designated Mortgagee, MERS. Quicken then transferred its interests to others, which the Mortgage permits. (*See* Dkt. No. 38-2 at 11.) All of these actions were justified. Therefore, the Plaintiffs have not stated a claim for tortious interference. *See Hukic v. Aurora Loan Services*, 588 F.3d 420, 433 (7th Cir. 2009) ("A

tortious interference with prospective economic advantage claim requires, among other things, an intentional and unjustified interference by the defendant.")

    C.  **Consumer Fraud and Deceptive Business Practices Act**

The Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act claim fails because the Plaintiffs have not identified any deceptive act or practice that Quicken allegedly committed. "The Illinois Supreme Court has explained that '[t]he elements of a claim under the Act are: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce.' " *Cohen v. American Security Insurance Co.*, 735 F.3d 601, 608 (7th Cir. 2013) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). Although the Plaintiffs claim that Quicken "knew and intended to convey . . . false, misleading, incomplete and otherwise deceptive recordings" (Dkt. No. 38 at ¶ 71), the Plaintiffs do not explain how or why the recordings related to the Mortgage were deceptive. A fraud claim requires a plaintiff to state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b); *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) ("This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case.").

The Plaintiffs do not allege that Quicken tricked them into granting Quicken a security interest in the Donald Avenue home. Nor do the Plaintiffs allege that Quicken tricked them into borrowing $136,750. Although the Plaintiffs allege that the recording of the Mortgage was deceptive, they do not explain how or why recording a valid mortgage gives rise to a deceptive act. For these reasons, this Court finds that the Plaintiffs have not stated a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act.

**CONCLUSION**

The Plaintiffs have not stated a claim against Quicken. Quicken loaned the Plaintiffs a significant amount of money secured by the Plaintiffs' home. The Mortgagee, MERS, recorded that security interest with the County of DuPage. Quicken then transferred its interests in the loan to Fannie Mae and CitiMortgage. The Plaintiffs now demand that Quicken—and not the County of DuPage, MERS, Fannie Mae, or CitiMortgage—take actions that purportedly would allow the Plaintiffs to refinance that loan. Specifically, the Plaintiffs want Quicken to release an encumbrance tied to a loan on which the Plaintiffs are still making payments, even though Quicken no longer holds any interests in that loan. There is no basis in law or fact to support the Plaintiffs' claims. Consequently, and for the reasons explained above, the Plaintiffs have failed to state a plausible claim against Quicken. Therefore, this Court grants Quicken's motion to dismiss.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: April 24, 2014